IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AMOS PRAYER GAYETAYE,

Plaintiff,

vs.

TYSON FRESH MEATS, INC.,

Defendant.

8:20CV500

MEMORANDUM
AND ORDER

Plaintiff filed his pro se Complaint (Filing 1) on December 2, 2020, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff claims his employment at Defendant's facility in Dakota City, Nebraska, was wrongfully terminated on November 1, 2018. Plaintiff resides in Iowa, and Defendant is an Arkansas corporation. Plaintiff alleges his supervisor terminated him for no good reason, and falsely accused Plaintiff of running over the supervisor's foot with a forklift and threatening to kill people in the parking lot.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Plaintiff's Complaint contains no indication that his termination was the result of unlawful discrimination which might be redressed under federal or state statutes, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1101 *et seq*. Nor does Plaintiff claim breach of contract. "In Nebraska, ordinarily, 'an employer, without incurring liability, may terminate an at-will employee at any time with or without reason.'" *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1062 (8th Cir. 2020) (quoting *Trosper v. Bag 'N Save*, 734 N.W.2d 704, 706-07 (Neb. 2007)); *see Hillie v. Mut. of Omaha Ins. Co.*, 245 Neb. 219, 223 (Neb. 1994) ("Unless constitutionally, statutorily, or contractually prohibited, an employer, without incurring liability, may terminate an at-will employee at any time with or without reason."). The Nebraska Supreme Court has recognized a public policy exception, *see Ambroz v. Cornhusker Square Ltd.*, 416 N.W.2d 510, 515 (Neb. 1987), but there are no facts alleged in Plaintiff's Complaint to suggest that his termination violated Nebraska public policy.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). However, out

of an abundance of caution, the court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief under federal or state law. Otherwise, this action will be dismissed.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: March 8, 2021—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 5th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3