IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMOS PRAYER GAYETAYE,<br><br>Plaintiff,<br><br>vs.<br><br>TYSON FRESH MEATS, INC.,<br><br>Defendant. | 8:20CV500<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff filed his pro se Complaint (Filing 1) on December 2, 2020, and was granted leave to proceed in forma pauperis. The court conducted an initial review of Plaintiff's Complaint, and determined it was subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. See Memorandum and Order dated February 5, 2021 (Filing 6), However, the court on its own motion gave Plaintiff leave to amend. Plaintiff's Amended Complaint (Filing 7), which was filed on March 9, 2021,[1] will now be reviewed by the court to determine whether summary dismissal is appropriate.

I. SUMMARY OF AMENDED COMPLAINT

In the original Complaint, Plaintiff claimed his employment at Defendant's facility in Dakota City, Nebraska, was wrongfully terminated on November 1, 2018.

---

[1] The filing deadline established by the court's order was March 8, 2021. Plaintiff contacted the clerk of the court on that date and stated he was putting his amended complaint in the mail. The document was sent "priority mail express," and was received and filed by the clerk of March 9, 2021. The filing date is the date of delivery to the clerk, not the date of mailing. *See* Fed. R. Civ. P. 5(d)(2) ("A paper not filed electronically is filed by delivering it … to the clerk …."). The late filing will be excused in this instance, *see* Fed. R. Civ. P. 6(b), but Plaintiff is cautioned that filing deadlines may be strictly enforced in the future. Although Plaintiff is proceeding pro se, he is "bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g).

Plaintiff alleged his supervisor terminated him for no good reason, and falsely accused Plaintiff of running over the supervisor's foot with a forklift and threatening to kill people in the parking lot. Plaintiff now alleges he was taken off forklift duty in June or July 2018 when his supervisor falsely accused Plaintiff of running over the supervisor's foot, that he was falsely accused of threatening to kill a co-worker in the parking lot in January or February 2019, and that he was terminated around February 15, 2019, when he went to the safety office at the plant to complain about the lack of proof for those accusations and allegedly interfered with a safety meeting. Plaintiff states he is claiming "discrimination," "mis-interpretation of … character," and "wrongful termination." (Filing 7, pp. 4-6.) Plaintiff specifies that the court's jurisdiction is based on diversity of citizenship. (Filing 7, p. 3.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff does not claim breach of contract. He concedes "Tyson can fire me anytime if they want," but claims "there should be a good reason." This, however, is not the law. "In Nebraska, ordinarily, 'an employer, without incurring liability, may terminate an at-will employee at any time with or without reason.'" *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1062 (8th Cir. 2020) (quoting *Trosper v. Bag 'N Save*, 734 N.W.2d 704, 706-07 (Neb. 2007)); *see Hillie v. Mut. of Omaha Ins. Co.*, 245 Neb. 219, 223 (Neb. 1994) ("Unless constitutionally, statutorily, or contractually prohibited, an employer, without incurring liability, may terminate an at-will employee at any time with or without reason."). The Nebraska Supreme Court has recognized a public policy exception, *see Ambroz v. Cornhusker Square Ltd.*, 416 N.W.2d 510, 515 (Neb. 1987), but there are no facts alleged in Plaintiff's Amended Complaint to suggest that his termination violated Nebraska public policy.

Plaintiff's Amended Complaint also gives no indication that his termination was the result of unlawful discrimination, which might be redressed under federal or state statutes, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (prohibiting employment discrimination because of race, color, religion, sex, or national origin), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.A. § 621 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq.* (prohibiting employment discrimination because of race, color, religion, sex, disability, marital status, or national origin), or the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. § 48-1001 *et seq.* Plaintiff's conclusory statement that he was terminated because of "discrimination" is not sufficient. He must offer more than unadorned accusation, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and must provide more than labels and conclusions—a formulaic recitation of the elements of a cause of action will not suffice, *Twombly*, 550 U.S at 555.

In the absence of direct evidence of discriminatory intent, a plaintiff may prove a violation of these statutes by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), the first step of which is to establish a prima facie case. In general, a plaintiff establishes a prima facie case

by showing that: (1) he was a member of a protected class; (2) he was meeting the employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Philip v. Ford Motor Co.,* 413 F.3d 766, 768 (8th Cir. 2005). While the Federal Rules of Civil Procedure do not require a plaintiff to establish a prima facie case in his complaint, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *Twombly*, 550 U.S. at 555). The elements of a prima facie case "are part of the background against which a plausibility determination should be made," and "may be used as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013)).

The court will give Plaintiff one last opportunity to develop his discrimination claim by filing a second amended complaint in which he alleges a sufficient factual basis for showing he was terminated because of his membership in a protected class. Plaintiff will also need to attach to the second amended complaint a copy of any discrimination charge he filed with the Nebraska Equal Opportunity Commission ("NEOC") or the federal Equal Employment Opportunity Commission ("EEOC"), and of any right-to-sue notice he received from either of these agencies. This will allow the court to assess whether Plaintiff exhausted his administrative remedies and whether the present action was timely filed.[2]

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). However, the court on its own motion will once again give Plaintiff leave to amend, provided he has legitimate grounds for claiming unlawful employment discrimination.

---

[2] Plaintiff alleged in his first Complaint that the "Nebraska Equal Opportunity Commission and EEOC dismissed my case for reason best known to themself." (Filing 1, p. 5).

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file a second amended complaint in accordance with this Memorandum and Order. Failure to file a second amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Plaintiff shall attach to the second amended complaint a copy of any NEOC/EEOC discrimination charge and of any right-to-sue notice he received from either agency.

3. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that a second amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files a second amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 10, 2021**—second amended complaint due.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 8th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge